IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| MATTHEW R. VIANES, an individual, | ) |
| Plaintiff, | ) Case No. **CJ-2015-01721** |
| vs. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| TULSA EDUCARE, INC., | ) |
| a Domestic Not for Profit Corporation, | ) |
| Defendant. | ) |

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Tulsa Educare, Inc.
124 E Fourth St.
Tulsa, OK  74103

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this ___4___ day of ___May___, 2015

County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**
**PERSONAL SERVICE**

I certify that I received the foregoing Summons the _____ day of _____, 2015, and that I

EXHIBIT 1

delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2015, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2015. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2015.
        By:
         Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

        Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2015.
My Commission Expires: _____
  Seal      Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2015, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|

           Signature of person mailing summons

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
MAY - 4 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MATTHEW R. VIANES, an individual, )
)
    Plaintiff, )
)
vs. ) Case No. CJ-2015-01721
)
) ATTORNEY'S LIEN CLAIMED
TULSA EDUCARE, INC., ) JUDGE CHAPPELLE
a Domestic Not for Profit Corporation, )
)
    Defendant. )

## PETITION

COMES NOW the Plaintiff, Matthew R. Vianes, by and through his attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Tulsa Educare, Inc. ("Educare"), for violation of his constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, State of Oklahoma.

2. Defendant Educare, is a domestic not for profit corporation regularly conducting business in Tulsa County, State of Oklahoma, and employs more than fifteen (15) people.

3. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on his sex and age and retaliation. A Notice of Right to Sue was received by Plaintiff, and this Petition has been filed within ninety (90) days of the receipt of said Notice. As such, all conditions precedent to the filing of this lawsuit are fulfilled.

1

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), providing for relief against discrimination in employment on the basis of gender.

7. Plaintiff also brings this action for damages under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et seq.* ("ADEA"), providing for relief against discrimination in employment on the basis of age.

8. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## **FACTS COMMON TO ALL CLAIMS**

10. Plaintiff incorporates as if realleged the preceding paragraphs.

11. Defendant hired the Plaintiff on May 23, 2012 to fill a position as Family Advocate.

12. At the time of hire, the Plaintiff was sixty-five (65) years old (D.O.B. 12-09-1946).

13. Plaintiff was a faithful and diligent employee throughout his employment.

14. Plaintiff was the only male at Defendant's particular site where he worked. Of Defendant's three (3) sites in located in Tulsa, only one other male is employed aside from the Plaintiff.

15. Plaintiff has constantly observed other similarly situated females, such as Nicole Hoss, Becky Mason, and Monica Carrizalez, who were treated better when they had performance issues. For example, each of these women were offered exit interviews and were allowed to transfer or be reassigned to another position, whereas the Plaintiff was summarily terminated, and was never offered these options.

16. Specifically, Ms. Elizabeth Miranda, the Assistant Director for the Defendant, treated Plaintiff differently from the female employees, failing to provide the same level of one-on-one training, and denying proper training on the Child Plus System, which other female employees received.

17. On November 4, 2013, Plaintiff was assigned an unrealistic workload – to update fifteen (15) files in four (4) working days. Despite this unrealistic deadline, the Plaintiff still managed to complete the task.

18. In spite of his completion, on November 14, 2013, he was given written warning and assigned further unrealistic deadlines to update files.

19. On November 27, 2013, Plaintiff was given a second written warning for a few insignificant errors despite the fact that he again completed his tasks on time.

20. Thereafter, Plaintiff was placed on a Performance Improvement Plan (PIP) on December 14, 2013. Plaintiff completed all of his assigned tasks, in spite of office closures due to inclement weather. Plaintiff was never questioned whether his files were completed and fifteen (15) minutes before the deadline on December 20, 2013, he was advised that he had not met the deadline. Plaintiff asserted that he had indeed completed the work and requested that Defendant verify. At that point, Defendant advised the Plaintiff that the decision had already been made and Defendant terminated the Plaintiff from employment that same day, December 20, 2013.

21. Plaintiff was sixty-seven (67) years old at the time of his termination from employment with Defendant.

22. Plaintiff believes that the disparate treatment he suffered and his ultimate termination were due to discrimination based on his sex and age and retaliation.

## FIRST CLAIM FOR RELIEF
### Discrimination Based on Gender (Title VII)

23. Plaintiff incorporates the preceding paragraphs as if realleged.

24. Plaintiff's disparate treatment and termination directly resulted from Defendant's discriminatory application of work policies and practices. These employment practices resulted in the disparate treatment of male employees working for the Defendant. Female employees were given preferential treatment with regard to application of Defendant's own employment policies and practices.

25. By treating the Plaintiff differently than similarly situated female employees, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, the Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;
d. Plaintiff's attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

26. Plaintiff incorporates as if realleged the preceding paragraphs.

27. Defendant discriminated against and terminated the Plaintiff in response to his engagement in protected activities, including, *inter alia*, his reporting and disagreement that he had complied with the arbitrarily imposed Performance Improvement Plan on the day he was terminated.

28. By terminating Plaintiff's employment in retaliation for engaging in protected activity, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

4

WHEREFORE, the Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;
d. Plaintiff's attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967
### (29 U.S.C. 621 *et seq.*)

29. The preceding paragraphs are incorporated herein by reference.

30. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq.*

31. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to job assignments, training, discipline, benefits, and termination in violation of the ADEA.

32. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused the Plaintiff to suffer humiliation, embarrassment, and emotional distress.

33. Defendant committed the act alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

34. Upon information and belief, Plaintiff's termination was motivated in substantial part by his age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;

    b. Compensatory damages for his mental anguish, pain and suffering, and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;
    d. Plaintiff's attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
### Retaliation in Violation of the Age Discrimination in Employment Act of 1967
### (29 U.S.C. 621 *et seq.*)

35. Plaintiff incorporates as if realleged the preceding paragraphs.

36. Defendant discriminated against and terminated the Plaintiff in response to his engagement in protected activities, including, *inter alia*, his reporting and disagreement that he had complied with the arbitrarily imposed Performance Improvement Plan on the day he was terminated.

37. By terminating Plaintiff's employment in retaliation for engaging in protected activity, Defendant has violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*

    WHEREFORE, the Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement;
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;
    d. Plaintiff's attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

38. Plaintiff incorporates the preceding paragraphs as if realleged.

39. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

40. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;
d. Plaintiff's attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN PLLC

Daniel E. Smolen (OBA#19943)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff